25-346
*US v. Nezhinskiy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of April, two thousand twenty-five.

PRESENT:
        BARRINGTON D. PARKER,
        BETH ROBINSON,
        MYRNA PÉREZ,
           *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee,*

        v.                     No. 25-346

DIMITRIY NEZHINSKIY,

    *Defendant-Appellant,*

JUAN VILLAR,

    *Defendant.**

_____

---

* The Clerk's office is respectfully directed to amend the caption as reflected above.

CERTIFIED COPY ISSUED ON 04/01/2025

_____

| | |
|---|---|
| FOR APPELLEE: | KATHERINE P. ONYSHKO, Assistant United States Attorney (Saritha Komatireddy, Michael R. Maffei, Sean M. Sherman, Assistant United States Attorneys, *on the brief*), *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| FOR DEFENDANT-APPELLANT: | JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Kuntz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on February 7, 2025, is **VACATED**.

Defendant-Appellant Dimitriy Nezhinskiy appeals from the district court's order holding him without bail pending trial on charges of receipt of stolen property, under 18 U.S.C. § 2315, and conspiracy to receive stolen property, under 18 U.S.C. § 371. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

2

A defendant must be released pretrial on personal recognizance or with an unsecured appearance bond unless the court "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). As to risk of flight, the government bears the burden of proving by preponderance of the evidence both the risk of flight, and that no condition or combination of conditions would reasonably assure Nezhinskiy's appearance. *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). As to the risk of danger to the community, the government must show by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the safety of the community." *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).[1] "Under this statutory scheme, it is only a limited group of offenders who should be denied bail pending trial." *Sabhnani*, 493 F.3d at 75.

"[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of" the community, the court takes into consideration the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

person, and the danger to any person or community posed by release. 18 U.S.C. § 3142(g).

We review a district court's bail determination, including its findings of fact regarding risk of flight, danger to the community, and the adequacy of any proposed bail conditions, for clear error. *See Ferranti,* 66 F.3d at 542. We will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." *Sabhnani,* 493 F.3d at 75.

The district court here concluded that the government had shown a risk of flight and a danger to the community. It reasoned that Nezhinskiy posed a serious danger to the community because he is accused of running a major fencing ring connected to at least five separate burglary crews around the country. The court explained that, although the defendants were not charged with a crime typically viewed as a "violent crime," *United States v. Nezhinskiy*, No. 1:25-cr-40, Dkt. 23 at 5, Nezhinskiy's alleged conduct presents a substantial risk of danger to the community by creating a marketplace for items stolen in residential burglaries and retail thefts that create a very real risk of danger. Evidence that the fencing ring had been ongoing for years and had connections to criminal gangs that committed nighttime robberies reinforced the court's view. In addition, the court further observed that the weight of the evidence and Nezhinskiy's criminal history,

4

including a prior conviction for robbery in the second degree, also weighed in favor of detention.

As to risk of flight, the court acknowledged Nezhinskiy's close family ties in the community but found that his connection to large syndicates with a potential interest in helping him flee the jurisdiction posed a risk of flight. The court saluted Nezhinskiy's father's willingness to risk his life savings to secure Nezhinskiy's appearance but found that Nezhinskiy "present[s] a clear and present danger, an actual flight risk given the pernicious international criminal connections presented to the grand jury, together with the multi-state activities [Nezhinskiy] stand[s] accused of committing." *Nezhinskiy*, No. 1:25-cr-40, Dkt. 23 at 8. We cannot conclude on this record that the district court's findings as to danger to the community and risk of flight are clearly mistaken. *Sabhnani*, 493 F.3d at 75.

But the district court's analysis was incomplete in that it failed to assess the suggested conditions of release offered to assure Nezhinskiy's appearance and protect the community. At the initial appearance before Magistrate Judge Eshkenazi, Nezhinskiy proposed a bail package including a $1 million bond consisting of $150,000 in cash and two condominiums owned by his father. He also agreed to abide by Pretrial Services' recommended conditions, including: (i)

no violation of any federal, state, or local law; (ii) no obstruction of justice or witness tampering; (iii) required to appear in court; (iv) report to Pretrial Services as directed; (v) no passport of any kind; (vi) restricted to New York City and New Jersey; (vii) home detention except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, and school activities with prior approval of Pretrial Services; (viii) no firearms; and (ix) drug testing as required by Pretrial Services. The district court did not address these proposed conditions or explain why it concluded there were no conditions that would be sufficient to ensure Nezhinskiy's appearance and the safety of the community. This failure to consider the adequacy of the proposed bail conditions was clear error. *See Ferranti*, 66 F.3d at 542.[2]

For these reasons, we **VACATE** the district court's February 7, 2025 order and **REMAND** for consideration of the adequacy of any proposed bail conditions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True C
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[2] After oral argument, the government filed a motion to supplement the record to include information that Nezhinskiy was found to have a contraband cell phone at MDC. We deny the motion to supplement, and leave it to the district court to assess this new information on remand.

6