Cf. Ex 1.

JLG:MRM/SMS/KPO
F. #2024R00053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DIMITRIY NEZHINSKIY,
    also known as "Ruso," and
JUAN VILLAR,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*   JANUARY 30, 2025   *
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. 25-CR-40
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
2315, 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C. § 2461(c))

Judge Ann M. Donnelly
Magistrate Judge Vera M. Scanlon

THE GRAND JURY CHARGES:

## COUNT ONE
(Conspiracy to Receive Stolen Property)

1. In or about and between November 2020 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DIMITRIY NEZHINSKIY, also known as "Ruso," and JUAN VILLAR, together with others, did knowingly and intentionally conspire to receive, possess, conceal, store, barter, sell and dispose goods, merchandise and money, of the value of $5,000 or more, to wit: jewelry, watches, handbags and luxury items, which goods had crossed a State or United States boundary after being stolen, unlawfully converted or taken, knowing the same to have been stolen, unlawfully converted or taken, contrary to Title 18, United States Code, Section 2315.

2. In furtherance of the conspiracy, and to effect the objects thereof, within the Eastern District of New York and elsewhere, the defendants DIMITRIY NEZHINSKIY, also

known as "Ruso," and JUAN VILLAR, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a) On or about November 12, 2020, NEZHINSKIY and VILLAR received and purchased stolen property, including watches and jewelry valued at in excess of $5,000, at a location in New York, New York, after it was transported through Queens, New York.

(b) On or about August 16, 2022, NEZHINSKIY, together with others, received and purchased stolen property, including watches valued in excess of $5,000 stolen from a business in Rosemont, Illinois, at a location in New York, New York after it was transported through Queens, New York.

(c) On or about August 1, 2023, a co-conspirator, an individual whose identity is known to the Grand Jury ("Co-Conspirator #1"), together with others, stole property including jewelry valued at in excess of $5,000, from a business in Hartford, Connecticut.

(d) On or about August 1, 2023, NEZHINSKIY, together with others, received and purchased the stolen property from Co-Conspirator #1, at a location in New York, New York after it had been transported through Queens, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Receipt of Stolen Property)

3. On or about November 12, 2020, within the Eastern District of New York and elsewhere, the defendants DIMITRIY NEZHINSKIY, also known as "Ruso," and JUAN VILLAR, together with others, did knowingly and intentionally receive, possess, conceal, store, barter, sell and dispose goods and merchandise, of the value of $5,000 or more, to wit: watches

and handbags, which had crossed a State or United States boundary after being stolen, unlawfully converted or taken, knowing the same to have been stolen, unlawfully converted or taken.

(Title 18, United States Code, Sections 2315, 2 and 3551 et seq.)

## COUNT THREE
(Receipt of Stolen Property)

4. On or about August 16, 2022, within the Eastern District of New York and elsewhere, the defendant DIMITRIY NEZHINSKIY, also known as "Ruso," together with others, did knowingly and intentionally receive, possess, conceal, store, barter, sell and dispose goods and merchandise, of the value of $5,000 or more, to wit: watches, which had crossed a State or United States boundary after being stolen, unlawfully converted or taken, knowing the same to have been stolen, unlawfully converted or taken.

(Title 18, United States Code, Sections 2315, 2 and 3551 et seq.)

## COUNT FOUR
(Receipt of Stolen Property)

5. On or about August 1, 2023, within the Eastern District of New York and elsewhere, the defendant DIMITRIY NEZHINSKIY, also known as "Ruso," together with others, did knowingly and intentionally receive, possess, conceal, store, barter, sell and dispose goods and merchandise, of the value of $5,000 or more, to wit: jewelry, which had crossed a State or United States boundary after being stolen, unlawfully converted or taken, knowing the same to have been stolen, unlawfully converted or taken.

(Title 18, United States Code, Sections 2315, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

6. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offenses.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

By David Pitluck, Assistant U.S. Attorney

JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK